Joseph Leon Hall, Jr. v. State of Maryland, No. 53, September Term, 2013

**"ANTI-CSI EFFECT" JURY INSTRUCTION – HARMLESS ERROR –** Court of Appeals held that trial court abused its discretion in giving "anti-CSI effect" jury instruction; nonetheless, Court of Appeals was satisfied beyond a reasonable doubt that abuse of discretion was harmless.

Circuit Court for Baltimore City
Case Nos. 108315045 & 108345048

Argued: February 11, 2014

IN THE COURT OF APPEALS

OF MARYLAND

No. 53

September Term, 2013
_____

JOSEPH LEON HALL, JR.

v.

STATE OF MARYLAND
_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.
_____

Opinion by Watts, J.
_____

Filed:  March 25, 2014

We decide whether the Circuit Court for Baltimore City ("the circuit court") abused its discretion in giving an "anti-CSI effect" jury instruction, and, if so, whether the abuse of discretion was harmless. We hold that the circuit court abused its discretion in giving the "anti-CSI effect" jury instruction; nonetheless, we are satisfied beyond a reasonable doubt that the abuse of discretion was harmless.[1]

## BACKGROUND

The State, Respondent, charged Joseph Leon Hall, Jr. ("Hall"), Petitioner, with armed carjacking and other crimes. In the circuit court, a jury tried Hall.

### A. Testimony

At trial, as a witness for the State, John Kim ("Kim") testified as follows. On October 29, 2008, Kim was walking in the 800 block of Hollins Street in Baltimore City. Hall and another man approached and pointed guns at Kim. Hall and the other man with a gun told Kim "to get down on the ground," and Kim obeyed. Hall and the other man with a gun took Kim's wallet, keys, and other effects. Kim stood up, and a third male ("the teenager"), appearing to be in his late teens, approached. Hall "forced" Kim to lead the way to where Kim's car was parked. Using Kim's keys, Hall unlocked the doors and got into the driver's seat. The other man with a gun "forc[ed]" Kim into the backseat.

Hall drove Kim's car to the M&T Bank ATM on Broadway. The teenager exited Kim's car with Kim's bank card. Hall drove Kim's car to a parking lot on Broadway.

---

[1]Because we conclude that the abuse of discretion was harmless, we do not address the State's contention that Hall failed to preserve for appellate review the basis on which he challenges the "anti-CSI effect" jury instruction on appeal.

Hall told the other man with a gun to tie up Kim's wrists with rope, and the other man with a gun obeyed.

The teenager returned to Kim's car and said that he could withdraw only $500. Kim suggested trying another ATM. On two more occasions, Hall drove Kim's car to another location, where the teenager exited Kim's car with Kim's bank card. Afterward, while Hall was driving Kim's car, the other man with a gun removed the rope from Kim's wrists.

Hall drove Kim's car to a rail yard, where the teenager and the other man with a gun exited Kim's car. Hall then drove Kim's car to a shopping center, where Hall returned Kim's keys to Kim, wiped the steering wheel and door handles, exited Kim's car, and told Kim to drive away. Kim obeyed.

As a witness for the State, Detective William Bailey ("Detective Bailey") testified as follows. On October 29, 2008, he interviewed Kim, who: (1) described Hall; and (2) did not tell Detective Bailey that he had any injuries. Detective Bailey did not record Kim's interview. On October 31, 2008, Detective Bailey met Kim at a police station, where he showed Kim a photographic array. Kim identified Hall's photograph. Detective Bailey did not record audio or video of Kim's identification of Hall. The circuit court admitted the photographic array into evidence.

On his own behalf, Hall testified as follows. A man named Sintel Colvin told Hall that someone wanted to buy 5,000 ecstasy pills. Hall agreed to sell 5,000 ecstasy pills for $5,000. On October 29, 2008, Hall went to Hollins Street, where he met and spoke with Kim and Colvin. Within ten minutes, a man named Justin Hopkins approached. Hall,

Kim, Colvin, and Hopkins entered Kim's car. Hall drove Kim's car to the M&T Bank ATM on Broadway so that Kim could withdraw money for the ecstasy pills. Kim could withdraw only $500. Hall drove Kim's car to another ATM, but Kim could not withdraw any more money. Eventually, Hall sold Kim 500 ecstasy pills and exited Kim's car, which Kim drove away.

## B. "Anti-CSI Effect" Jury Instruction

At a pretrial hearing on motions to suppress, the circuit court and the parties discussed proposed *voir dire* questions. Hall objected to a proposed *voir dire* question regarding whether jurors could convict without scientific evidence. The prosecutor responded that Hall's counsel might argue to the jury that the lack of DNA or fingerprinting evidence would necessitate an acquittal. The circuit court stated: "I've been known to give a jury instruction based on the State's request pertaining to scientific evidence. . . . I would be happy to give that instruction, but I'm not going to ask the question about following the law."

Prior to jury selection, the State again proposed that the circuit court ask during *voir dire* whether jurors could convict without scientific evidence. Hall's counsel again objected to the proposed *voir dire* question. The circuit court stated: "[T]he Court has already ruled that it would not ask that question. The Court would address it in instructions if asked to and the Court has given that instruction in the past when asked and will do so now."

Before the circuit court instructed the jury, the prosecutor asked the circuit court to give an "anti-CSI effect" jury instruction. Hall's counsel objected to the "anti-CSI

effect" jury instruction "for the record" and stated that the instruction would intimate to the jurors that "it's okay if the State doesn't have forensic or physical or scientific evidence." The circuit court overruled the objection and instructed the jury:

> During the trial, you may have heard testimony of witnesses and may hear argument of counsel that the State did not utilize a specific investigative technique or scientific test. You may consider these facts in deciding whether the State has met its burden of proof. You should consider all of the evidence or lack of evidence in deciding whether a defendant is guilty. However, I instruct you that there is no legal requirement that the State utilize any specific investigative technique or scientific test to prove its case. Your responsibility as jurors is to determine whether the State has proven, based on the evidence presented or lack of evidence, the Defendant's guilt beyond a reasonable doubt.

### C. Other Procedural History

The jury convicted Hall of armed carjacking and other crimes. Hall appealed, and the Court of Special Appeals affirmed. Hall petitioned for a writ of *certiorari*, which this Court granted. See Hall v. State, 432 Md. 466, 69 A.3d 474 (2013).

### DISCUSSION

Hall contends that the circuit court abused its discretion in giving the "anti-CSI effect" jury instruction. Hall argues that the abuse of discretion was not harmless because, at trial, he disputed that he "accosted" Kim. Hall maintains that his encounter with Kim was a consensual drug transaction. Hall essentially contends that an absence of scientific testimony or investigative techniques was relevant to demonstrate that his encounter with Kim was consensual. Specifically, Hall asserts that the abuse of discretion was not harmless because the State did not offer into evidence: (1) an image that a security camera took of Kim's car being driven through the Baltimore Harbor

- 4 -

Tunnel; (2) a photograph of any injuries to Kim's wrists; or (3) a recording of Kim's interview or his identification of Hall in a photographic array.

Although the State concedes that the circuit court abused its discretion in giving the "anti-CSI effect" jury instruction, the State contends that the abuse of discretion was harmless because the presence or absence of scientific or physical evidence was not relevant to the issues at trial. Put simply, we agree.

An appellate court reviews for abuse of discretion a trial court's decision as to whether to give a jury instruction. See Derr v. State, 434 Md. 88, 133, 73 A.3d 254, 281 (2013) ("We review a trial court's decision whether to grant a jury instruction under an abuse of discretion standard." (Citation omitted)).

An appellate court decides in the first instance whether a trial court's error or abuse of discretion is harmless.

To begin, we conclude that Hall and the State are correct in agreeing that the circuit court abused its discretion in giving the "anti-CSI effect" jury instruction, as Hall never misstated the law. A trial court abuses its discretion in giving an "anti-CSI effect" jury instruction where the defendant does not misstate the law. See Robinson v. State, 436 Md. 560, ___, 84 A.3d 69, 75 (2014) ("[A]n 'anti-CSI effect' [jury] instruction, limited only to curative administration, . . . is only triggered when a material misstatement of the law occurs." (Citing Atkins v. State, 421 Md. 434, 26 A.3d 979 (2011); Stabb v. State, 423 Md. 454, 31 A.3d 922 (2011)).

Nonetheless, we are satisfied beyond a reasonable doubt that the abuse of discretion was harmless. Hall testified that he drove Kim's car; thus, it was undisputed

- 5 -

that Hall drove Kim's car, and it did not matter whether the "anti-CSI effect" jury instruction caused the jury to overlook the lack of other evidence (including an image from a security camera) that Hall drove Kim's car. The image in question would not have shed any light on the issue of how Hall gained control of Kim's car. The State's failure to offer a photograph of the injuries to Kim's wrists did not result from the State's failure to use an investigative technique; at trial, it was undisputed that Kim did not tell Detective Bailey about injuries to his wrists. Thus, the "anti-CSI effect" jury instruction could not have caused the jury to overlook the lack of a photograph of the injuries to Kim's wrists. Although law enforcement officers did not record Kim's interview or his identification of Hall in a photographic array, the lack of such recordings was of no consequence in light of: (1) testimony about Kim's interview and his identification of Hall in a photographic array; (2) the circuit court's admission of the photographic array into evidence; and (3) Kim's in-court identification of Hall. Thus, we are convinced that the "anti-CSI effect" jury instruction was of no significance to the verdict, and the "anti-CSI effect" jury instruction was harmless. An appellate court does not reverse a conviction based on a trial court's error or abuse of discretion where the appellate court is satisfied beyond a reasonable doubt that the trial court's error or abuse of discretion did not "influence[] the verdict" to the defendant's detriment. Perez v. State, 420 Md. 57, 66, 21 A.3d 1048, 1054 (2011) (quoting Dorsey v. State, 276 Md. 638, 659, 350 A.2d 665, 678 (1976)).

For the above reasons, although we agree the circuit court abused its discretion in giving the "anti-CSI effect" jury instruction, we are satisfied beyond a reasonable doubt the abuse of discretion was harmless.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.**